UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————

MATTHEW STANTON,

                Petitioner,

        -v-                                          9:22-CV-755 (AJB/DJS)

PATRICK REARDON,

                Respondent.

———————————————————————

**APPEARANCES:**                                            **OF COUNSEL:**

LAW OFFICE OF STEPHEN N. PREZIOSI P.C.     STEPHEN N. PREZIOSI, ESQ.
Attorneys for Petitioner
48 Wall Street, 11th Floor
New York, NY 10005

HON. LETITIA JAMES                               JALINA J. HUDSON, ESQ.
New York State Attorney General                  Assistant Attorney General
Attorneys for Respondent
28 Liberty Street, 14th Floor
New York, NY 10005

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

      On July 19, 2022, petitioner Matthew Stanton ("petitioner"), represented by counsel, filed this habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction, after a bench trial in Supreme Court, Albany County, on charges of burglary, four counts of assault, five counts of criminal contempt, and attempted coercion. Dkt. No. 1. Petitioner paid the filing fee.

      The matter was initially assigned to Senior U.S. District Judge Thomas J. McAvoy, who referred the petition to U.S. Magistrate Judge Daniel J. Stewart for initial review. Judge Stewart reviewed the petition and ordered respondent Patrick Reardon, the superintendent of the facility

where petitioner was being held, to answer the petition. Dkt. No. 3. Thereafter, the petition was fully briefed. Dkt. Nos. 14, 15, 19.

On July 23, 2025, Judge Stewart advised by Report & Recommendation ("R&R") that the petition be denied and dismissed. Dkt. No. 20. Although petitioner had been released from State custody, Judge Stewart recognized that petitioner's status as a parolee meant that the Court still had jurisdiction over the habeas petition. *Id*. at 20. On the merits, Judge Stewart considered and rejected petitioner's three arguments for habeas relief, concluding that, at a basic level, "the claim in this Petition boils down to the argument about effectiveness of counsel." *Id*. at 22.

As Judge Stewart explained, the putative victims (petitioner's parents) refused to testify against their son at the trial. Dkt. No. 20 at 11. Therefore, the prosecution moved pre-trial for a so-called *Sirois* hearing, which is a state-court procedure used to determine whether a witness's out-of-court statements will be admissible because the opposing party's misconduct led to their unavailability for trial. *Id*. at 6–7. The prosecution's *Sirois* motion implicated petitioner's Sixth Amendment right of confrontation, which ordinarily guarantees a criminal defendant the right to confront his accusers and cross-examine the witnesses against him. *Id*. at 22.

But because the prosecution's argument "was, objectively, very strong," Dkt. No. 20 at 23, petitioner's trial counsel was faced with a "tactical decision" about how to proceed: should he go forward with the *Sirois* hearing (which would involve "a lengthy hearing on affirmative misconduct by Petitioner himself") or consent to the admission of the statements and focus his defense efforts elsewhere? *Id*. at 23–24.

The defense theory of the case was that petitioner was "not culpable due to a disease or mental defect," not that the violent events did not occur. Dkt. No. 20 at 23. Thus, petitioner's trial counsel chose to waive his client's Sixth Amendment challenge to the admissibility of his

parents' statements and focus instead on making "great efforts to support [the mental health] defense, including pretrial motions, retention of well qualified experts, and detailed mental health testimony." Dkt. No. 20 at 23.

Judge Stewart concluded, based on the deferential governing law, that this "thoughtful and experienced strategic choice by highly experienced criminal counsel" was an insufficient basis on which to establish ineffective assistance of counsel in the habeas corpus context, and that petitioner's related arguments were without merit. *See* Dkt. No. 20 at 24–27. Accordingly, Judge Stewart recommended that the petition be denied and dismissed. *Id*.

The matter has been reassigned to this Court for a decision. Dkt. No. 21. Petitioner has not lodged objections, and the time period in which to do so has expired. Upon review for clear error, Judge Stewart's R&R is accepted and will be adopted. *See* Fed. R. Civ. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 20) is ACCEPTED;

2. The petition is DENIED and DISMISSED; and

3. No Certificate of Appealability will be issued.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  October 9, 2025
         Utica, New York.

Anthony J. Brindisi
U.S. District Judge